UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES SAUNDERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-400 (RMC) |
| GALLIHER AND HUGUELY ASSOCIATES, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

James Saunders, proceeding *pro se*, brought this suit alleging that his employer, Galliher and Huguely Associates, Inc., ("G&H") discriminated against him due to disability in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. G&H filed a motion to dismiss for failure to state a claim. As explained below, the motion will be granted without prejudice because (1) Mr. Saunders has not alleged that he requested and was denied an accommodation and (2) he has not alleged that he could perform the duties of his job as a truck driver and fork lift operator even with an accommodation.

I. FACTS

Mr. Saunders was employed as a truck driver and fork lift operator at G&H, a lumber yard. As a truck driver, Mr. Saunders was responsible for loading and unloading deliveries. Compl. [Dkt. # 1] at 6; *see also id*. at 25 (Plaintiff "was a driver that [was] responsible for loading and unloading his truck."). On April 16, 2007, he parked one of the

G&H trucks on a hill and got in the back of it to unload. *Id*. at 6.[1] When the truck started to roll down the hill, Mr. Saunders jumped off. *Id*. He injured his back, left hip, right wrist, and right knee. *Id*. at 2. Mr. Saunders was placed on workers' compensation. *Id*. at 19.

Dr. Richard Meyer treated Mr. Saunders for his injuries starting on April 24, 2007. *Id*. at 9.[2] Dr. Meyer indicated that Mr. Saunders was unable to work from April 16 to April 25, and that starting April 26 he could work "light duty," driving only, without any loading/unloading. *Id*. On May 31, 2007, Dr. Frederic Salter evaluated Mr. Saunders. Dr. Salter indicated that Mr. Saunders was fit only for light duty with "no lifting greater than 10 lbs., frequent sitting and stretching breaks, limit stair climbing, bending and stooping, restrict walk[ing], bending, kneeling, stair climbing; prefer sedentary position." *Id.* at 12. On June 5, Dr. Meyer again evaluated Mr. Saunders. This time he found that Mr. Saunders was "not fit for duty" and was unable to work from April 16, 2007 to "at least" June 19, 2007. *Id*. at 13.

Mr. Saunders alleges that he requested a light duty position, that G&H allowed others to work light duty, and that G&H unfairly discriminated against him when it denied him such a light duty position. *Id*. at 2. G&H operates a lumber yard. *Id*. at 19. Mr. Saunders filed a claim with the District of Columbia Office of Human Rights ("OHR") alleging disability discrimination. On May 19, 2009, the OHR found "no probable cause" to believe that G&H denied Mr. Saunders a reasonable accommodation when it failed to assign him to a light duty

---

[1] For the purpose of deciding Defendant's motion to dismiss, the Court relies on the facts as set forth by Mr. Saunders in his Complaint.

[2] The Complaint states at page 2 that Mr. Saunders was injured on May 16, 2007. Compl. at 2. That date appears to be in error, as the accident report and Dr. Meyer's report indicate that the injury occurred on April 16, 2007.

position. *Id*. at 29.

Subsequently, Mr. Saunders filed this ADA claim.³ G&H moves to dismiss, asserting that Mr. Saunders did not request an accommodation and that, even if he had, he has not alleged that with such an accommodation, he could perform the essential functions of his job.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims."

---

³ Because the claim is based on the ADA, the Court has federal question jurisdiction. *See* 28 U.S.C. § 1331. In a nondiversity case such as this one, venue is proper in a district (1) where any defendant resides, if all defendants reside in the same state, (2) where a substantial part of the events giving rise to the claim occurred or a substantial part of the property that is the subject of the action is located, or (3) where any defendant may be found if there is no district where the case may otherwise be brought. 28 U.S.C. § 1391(b). Mr. Saunders lives in the District of Columbia, G&H does business here, and the accident occurred here. *See* Compl. at 1, 6. Thus, venue is appropriate in this forum.

3

*Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The definition of "discrimination" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of

the [employer's] business." 42 U.S.C. § 12112(b)(5)(A). "Under the ADA's scheme, then, it is discriminatory for a covered employer to decline to take reasonable steps to accommodate an employee's disability, unless the steps in question 'would impose an undue hardship.'" *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1300 (D.C. Cir. 1998).

To establish a *prima facie* case of unlawful discrimination based on a failure to reasonably accommodate under the ADA, a plaintiff must show, by a preponderance of the evidence, that: (1) he is a qualified individual with a disability within the meaning of the ADA; (2) the employer had notice of his disability; (3) there was some reasonable accommodation denied to him; and (4) such accommodation would have enabled him to perform the essential functions of his job. *See Duncan v. Washington Metro. Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001). In other words, the plaintiff has the burden of showing by a preponderance of the evidence that he has a disability, but with a reasonable accommodation (which he must describe), he can perform the essential functions of the job. *Flemmings v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999). "Essential functions" are the fundamental duties of a position. 29 C.F.R. § 1630.2(n)(1). Courts frequently defer to the employer's judgment as to what functions of a job are essential. *Kalekiristos v. CTF Hotel Mgmt. Corp.*, 958 F. Supp. 641, 660 (D.D.C. 1997), *aff'd*, 132 F.3d 1481 (D.C. Cir. 1997) (Table). An individual who cannot perform the essential duties of his job, even with an accommodation, is not "qualified" under the statute. *Chinchillo v. Powell*, 236 F. Supp. 2d 18, 24 (D.D.C. 2003).

An employer must reasonably accommodate the known limitations of an employee who is a qualified individual with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on its operations. *Carr v. Reno*, 23

5

F.3d 525, 529 (D.C. Cir. 1994) (interpreting the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794(a)).[4] Accommodations are reasonable if they allow an employee to perform the essential functions of the job, without imposing undue hardship on the employer. *Chinchillo*, 236 F. Supp. 2d at 23. It is the employee's burden to identify reasonable accommodations which would allow him to perform the essential functions of the job; the agency has the burden of showing undue hardship. *Id.* at 23-24. The duty to accommodate does not require an employer to relieve the employee of any essential functions of the job or modify the actual duties. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 295 (5th Cir. 1998).

For example, in *Jones v. University of the Dist. of Columbia*, 505 F. Supp. 2d 78, 90 (D.D.C. 2007), the plaintiff was a security officer who was injured in job-related incidents; she suffered injury to her shoulder, back, knees, and ankles. *Id*. at 82. As a result, she could not run or kneel and she could stand for only two hours of an eight hour shift. She argued that under the ADA she should be placed on "light duty" as a reasonable accommodation because she could still handle "traffic detail" and write "some tickets." *Id*. at 90. But one of the essential duties of her job as a police officer was the ability to respond quickly to safety concerns, including the ability to run, climb, chase, and tackle suspects. *Id*. at 89. The court held that the plaintiff's capabilities were inadequate to perform her job as a police officer and that the employer was not required to "restructure an existing job to remove some of its essential functions." *Id*. at 90.

Mr. Saunders has not stated a *prima facie* claim under the ADA. He has not

---

[4] *Carr*, 23 F.3d at 529, interpreted the Rehab Act, 29 U.S.C. § 794(a). For purposes of disability discrimination cases, the standards for liability under the Rehab Act and the ADA are the same; cases interpreting either are applicable in determining liability. *See* 29 U.S.C § 794(d); *Bell v. Gonzales*, 398 F. Supp. 2d 78, 86 n.9 (D.D.C. 2005).

alleged that he requested a reasonable accommodation and that G&H denied such a request.

Moreover, Mr. Saunders is not "qualified" under the ADA because he has not indicated that he could perform the essential elements of his job as a truck driver and fork lift operator and he has not identified any reasonable accommodation that would allow him to do so. According to his doctors, he was unable to work at all from April 16 to April 25, 2007; thereafter, he was able to work only in a "light duty" position, that is, a position that would not include any bending or stooping or lifting of over ten pounds. However, the essential elements of the job of a truck driver and fork lift operator for G&H include loading and unloading deliveries to customers. *See* Compl. at 6, 25. The ADA does not require G&H to relieve Mr. Saunders of the essential duties of his job or to modify the duties of the truck driver and fork lift operator position.[5] Mr. Saunders has not stated a claim under the ADA and G&H's motion to dismiss will be granted.

## IV. CONCLUSION

For the reasons stated above, G&H's Motion to Dismiss [Dkt. # 6] will be granted and this case will be dismissed without prejudice. Defendant's motion, in the alternative, for a more definite statement [Dkt. #6] will be denied as moot. A memorializing Order accompanies this Memorandum Opinion.

Date: October 1, 2010  _____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[5] Mr. Saunders also contends that he was "never nominated for employee of the month." Pl.'s Opp'n at 1. This allegation is not relevant to his ADA claim.